IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GISELLE GARCIA,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**AEROVIAS DE MEXICO, S.A. DE D.V. (INC.),** a foreign corporation, d/b/a **AEROMEXICO;** and **AEROLITORAL DE MEXICO S.A. DE C.V.,** a foreign corporation, d/b/a **AEROMEXICO CONNECT,**<br><br>　　　　　　Defendants. | Case No. 18 C 5517<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

This ruling relates to fourteen different actions which the Court has consolidated on its docket. Each of the fourteen plaintiffs in those cases originally filed their respective suits in Illinois state court, only to have their actions removed to federal court by Defendants. The fourteen plaintiffs then filed a Joint Motion to Remand (*see* Related Case No. 18-cv-6030, Dkt No. 13), which Defendants oppose. For the reasons stated herein, the Court grants Plaintiffs' Motion in part and denies it in part. Twelve of the fourteen cases shall be remanded, but the cases helmed by Plaintiffs Oscar Diaz and Dorelia Rivera, respectively, will not.

## I. BACKGROUND

Sometime before July 31, 2018, several Illinois residents bought tickets from Defendants for airfare to, within, and back from Mexico, including tickets for Flight 2431 from Durango International Airport to Mexico City International Airport. Those residents later boarded Flight 2431 as planned, but something went wrong. Defendants' plane crashed during a failed takeoff, causing the residents to suffer (generally unspecified) personal and financial injuries.

Those residents sued Defendants in separate actions, alleging negligence. Some residents sued in Illinois state court, others in federal district court. Defendants removed those suits in the former category on the basis of federal question and diversity jurisdiction, and this Court thereafter found the residents' federal suits to be related and thus agreed to consolidate them all on the Court's docket. Fourteen of those residents (hereafter, "Plaintiffs") (whose suits had begun in state court) now move the Court to remand their respective actions back to Cook County Circuit Court. Defendants oppose the Motion.

As the discussion below demonstrates, much of the jurisdictional question involved in this case turns upon the so-called Montreal Convention, an international treaty setting forth uniform rules and procedures for litigating certain claims arising

from injuries suffered in the course of international air carriage. Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature May 28, 1999, ICAO Doc. 9740 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106-45. The Convention, to which the United States and Mexico are signatories, replaced its predecessor, the Warsaw Convention, in 1999, and continues its goal of establishing legal and (to an extent) procedural uniformity in the event of an accident. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 779 (7th Cir. 2008). With that Convention as the backdrop, the Court must settle the parties' dispute.

But first, a housekeeping matter: This District's Local Rules set forth particulars for briefs filed with the Court. Local Rule 7.1 limits briefs to 15 pages. Local Rule 5.2 states that line spacing shall be (at least) 2.0, text size 12, and footnote text size 11. No party here sought leave of Court to file an oversize brief, but Defendants' filing (Dkt. No. 15), though limited to 15 pages, appears to have shrunk at least the spacing, if not the text, to sneak in more content than the rules permit. The Court expects compliance with the Local Rules and advises all parties to comply in the future.

## II. LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.,* 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds,* 548 U.S. 901 (2006). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

## III. DISCUSSION

Federal district courts have original jurisdiction in diversity cases and in cases concerning federal questions. 28 U.S.C. §§ 1331-1332. In their Motion to Remand, Plaintiffs argue, as they must, that the Court has neither diversity nor federal

question jurisdiction over their suits. Defendants believe Plaintiffs are wrong on both counts. As set forth below, the Court agrees in large part with Plaintiffs, though not for the reasons they advance.

### A. Diversity Jurisdiction

Diversity jurisdiction lies for those "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, [which arise between] citizens of different States." 28 U.S.C. § 1332(a)(1). That rule has long been interpreted to demand "complete diversity," meaning it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citations omitted). For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Before considering whether Plaintiffs' suits meet these criteria, however, the Court need contend with a threshold objection.

#### *1. Plaintiffs' Threshold Objection to Diversity Jurisdiction*

Plaintiffs argue at length that no matter how the Court weighs the two diversity-jurisdiction requirements, § 1332 cannot confer jurisdiction over Plaintiffs' suits because the Montreal

Convention supplies Plaintiffs the irrevocable option of handpicking their venue.

Here are Plaintiffs' set pieces: First, though removal is typically appropriate when a case meets the diversity-jurisdiction threshold, § 1441 precludes removal where "expressly provided by Act of Congress." 28 U.S.C. § 1441. Next, because the Montreal Convention, as a U.S. treaty, is one such Act, it may prevent otherwise-permissible removal. Finally, the Convention actually does so via its Article 33, which expressly blocks removal by providing Plaintiffs an unfettered right to choose their venue. In relevant part, Article 33 provides that "[a]n action for damages must be brought, *at the option of the plaintiff,* in the territory of one of the States Parties[.]" Montreal Convention, art. 33, § 1. (emphasis added).

The Court is not persuaded by this argument. When Article 33 permits plaintiffs to choose a "territory of one of the States Parties," it means a choice between *international* venues. *Cf. El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 175 (1999) ("[T]he nation-state, not subdivisions within one nation, is the focus of the [Warsaw] Convention and the perspective of the treaty partners."). Here, Plaintiffs exercised that right to choose by suing Defendants in the U.S., rather than in Mexico. What Article 33 does not provide, however, is a selection mechanism

powerful enough to trump domestic rules of jurisdiction and procedure. *Cf. Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1058 (11th Cir. 2009) (affirming district court's application of *forum non conveniens* to transfer case to Martinique over plaintiffs' Article 33 objection). Plaintiffs thus cannot hold Article 33 as an amulet against removal. If they wish the Court to remand their suits, they must first show that the Court lacks diversity jurisdiction.

### *2. Removability Based on Diversity Jurisdiction*

The parties agree that complete diversity exists here. Both Defendant corporations are incorporated and have their principal places of business in Mexico. Each Plaintiff claims to be an Illinois resident. Defendants easily meet the first requirement for diversity jurisdiction.

Defendants do not meet the second requirement as readily. None of Plaintiffs' state-court complaints state a specific damages sum; they all simply recite damages in the form of "injuries of a personal and pecuniary nature" and claim that the total damages exceed $50,000. (*See, e.g.*, *Carmen Moreno v. Aerovias de Mexico S.A. de C.V.*, No. 18-cv-6038, Compl. ¶ 12, Dkt. No. 1-1; Bingle Affidavit attached to *id.*) But Defendants bear the burden of establishing federal jurisdiction, *Schur*, 577 F.3d at 758, and must respond to Plaintiffs' jurisdictional challenge

with competent proof showing a reasonable probability that jurisdiction does, in fact, exist. *Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F. Supp. 2d 737, 739 (S.D. Ind. 2000) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993)).

And yet, the one time Defendants mention amount in controversy—which they do only in their notices of removal—Defendants simply make the bare assertion that the controversial amount "exceeds the sum or value of $75,000." (*See, e.g.*, *Carmen Moreno v. Aerovias de Mexico S.A. de C.V.*, No. 18-cv-6038, Notice of Removal ¶ 9, Dkt. No. 1.) That will not do. The Court must "resolv[e] any doubt [as to jurisdiction] in favor of the plaintiff's choice of forum in state court," *Schur*, 577 F.3d at 758, and failing to establish the amount in controversy is impermissible, *Roscor Corp. v. Itelco USA, Inc.*, 237 F. Supp. 2d 883, 884 (N.D. Ill. 2002). *Accord Garrisi v. Nw. Airlines, Inc.*, No. 10-12298, 2010 WL 3702374, at *2-3 (E.D. Mich. Sept. 16, 2010) ("The mere assertions of the parties will not defeat a remand for failure to satisfy the jurisdictional amount.").

Defendants roundly fail to establish the Court's diversity jurisdiction over any of Plaintiffs' suits. If Defendants' removals are to survive Plaintiff's Remand Motion, then,

Defendants must show that the Court has federal-question jurisdiction over Plaintiffs' suits.

## B. Federal Question Jurisdiction

Federal question jurisdiction generally comprises all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To test whether a civil action arises under those authorities, courts apply the "well pleaded complaint rule," which queries "whether a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 729 (N.D. Ill. 2007) (citing *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001)). Beyond that general rule, the Court must also weigh the applicability of a key corollary, namely the jurisdictional doctrine of complete preemption. Under complete preemption, federal courts retain jurisdiction in the rare event that a complaint fails to state explicitly a federal question and yet a federal statute has such "extraordinary pre-emptive power" that it "convert[s] [the] ordinary state common law complaint into one stating a federal claim." *In re Repository Techs., Inc.*, 601 F.3d 710, 722 (7th Cir. 2010) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

In their briefing, Plaintiffs do not differentiate between the general, well-pleaded complaint rule and the complete-

preemption exception. Instead, they flatly assert that "[w]here a defendant seeks to use the Montreal Convention as a basis for federal-question removal under § 1331, that matter is properly remanded back to state court." (Pls.' Mot. 3, Dkt. No. 13.) Not so. As another court in this District recently observed, federal question jurisdiction under § 1331 exists when plaintiffs explicitly pursue claims under the Montreal Convention. *Adler v. Frontier Airlines*, No. 15 C 03430, 2017 WL 2214982, at *4 n.5 (N.D. Ill. May 19, 2017) (citing *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction.")). And this makes sense, given that the Montreal Convention is a U.S. treaty that provides litigants like Plaintiffs a cause of action. *See* 28 U.S.C. § 1331; Montreal Convention, art. 17 (setting forth air carrier liability), art. 33 (setting forth proper jurisdiction for claims).

As Defendants point out, two of the fourteen Plaintiffs explicitly allege causes of action under the Montreal Convention. (*Oscar Diaz v. Aerovias de Mexico S.A. de C.V.*, Case No. 18-cv-6051, Compl. ¶¶ 21-23, Dkt. No. 1-1; *Dorelia Rivera v. Aerovias de Mexico S.A. de C.V.*, Case No. 18-cv-6303, Compl. 1, Dkt. No. 1-

1.) As the masters of their complaints, those Plaintiffs—Oscar Diaz and Dorelia Rivera—could have eschewed the Montreal Convention claim and in so doing chose to have their cause heard in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). They chose to do otherwise, however, and their explicit inclusion of that federal claim brings their suits within this Court's jurisdiction and thus makes them susceptible to removal under 28 U.S.C. § 1441. That closes the jurisdictional book on these two Plaintiffs: Defendants properly removed their suits, and the Court will not remand them.

But unlike Diaz and Rivera, the other twelve Plaintiffs never mention the Montreal Convention in their complaints. Under the well pleaded complaint rule, then, their suits do not present federal questions. *See Vorhees*, 272 F.3d at 402. What remains to decide is whether, as Defendants contend, these complaints nonetheless come within this Court's jurisdictional ambit via the doctrine of complete preemption. That doctrine sets forth that Congress "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987), *superseded by statute on other grounds as stated in Hunter v. Ameritech*, 779 F. Supp. 419, 421 (N.D. Ill. 1991). When complete preemption exists, plaintiffs cannot shield their

suits from federal jurisdiction through artful pleading; even claims held out as arising under state law may be said to raise jurisdictionally-relevant federal questions. *See In re Repository Techs., Inc.*, 601 F.3d at 723. In this way, complete preemption is distinct from run-of-the-mill preemption, which is merely an affirmative defense and provides no basis for removal. *See Williams*, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption[.]")

In general, the Supreme Court has been loath to find complete preemption, doing so only in the case of "extraordinary" preemptive statutory force. *See Williams*, 482 U.S. at 393; *see, e.g.*, *Taylor*, 481 U.S. at 107 (finding complete preemption under § 502(a) and (f) of the Employee Retirement Income Security Act). And in such cases, the "touchstone . . . is not the 'obviousness' of the pre-emption defense[,] but the intent of Congress." *See Taylor*, 481 U.S. at 66.

That is where Defendants, who essentially argue that complete preemption exists for all civil claims stemming from injuries suffered in international air carriage, miss the mark. They zero in on what they see as the obviousness of preemption but speak very little about Congress' intent. In this vein, Defendants lean heavily on *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525

U.S. 155 (1999), in which the Supreme Court considered the preemptive effect of Article 24 of the Warsaw Convention (an article which is substantially similar to the here-relevant Article 29 of the Montreal Convention, *compare* 144 Cong. Rec. S11059 (Sept. 28, 1998) (reciting Article 24 of the Warsaw Convention, as amended by Montreal Protocol No. 4 and ratified by the Senate in 1998), *with* Montreal Convention, art. 29). The Court held that when a plaintiff's claims fail to satisfy the conditions for liability under the Warsaw Convention, that plaintiff cannot resort to state law for relief. *Id.* at 176. And, to Defendants' credit, the Court indeed cautioned that a contrary ruling would have "encourage[d] artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme[.]" *Id.* at 171 (citation omitted).

Whatever the Supreme Court's emphasis on the preclusive effect in *El Al*, however, *that case did not address complete preemption*. And, crucially, the Seventh Circuit has decided since *El Al* that the Warsaw Convention's preemption "is not complete." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 781 (7th Cir. 2008) (judging the Convention as amended by Montreal Protocol No. 4). This is an insurmountable roadblock in the path of Defendants' argument for complete preemption. The Seventh Circuit's ruling in *Sompo* is binding here, and several district

courts in this Circuit have already followed it. *See Cosgrove-Goodman v. UAL Corp.*, No. 10-CV-1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010) (St. Eve, J.) (agreeing that *Sompo*'s reasoning "logically extends to the strikingly similar language" of the Montreal Convention's Article 29); *Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) (same); *accord Nipponkoa Ins. Co. v. GlobeGround Servs., Inc.*, Case No. 04-C-5648, 2006 WL 2861126, at *3 (N.D. Ill. Sept. 28, 2006) (finding same in pre-*Sompo* opinion); *but see Schoeffler-Miller v. Nw. Airlines, Inc.*, No. 08-CV-4012, 2008 WL 4936737, at *3 (C.D. Ill. Nov. 17, 2008) (finding compete preemption but omitting discussion of *Sompo*).

Even so, Defendants point out that not all courts concur with *Sompo*'s holding. *See, e.g., Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *19 (S.D. Tex. May 9, 2016), *report and recommendation adopted sub nom. Rosenbrock v. Deutsche Lufthansa, AG, Inc.*, 2016 WL 11088850 (S.D. Tex. June 21); *Knowlton v. Am. Airlines, Inc.*, No. 06-854, 2007 WL 273794, at *3 (D. Md. Jan. 31, 2007); *Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006). That may be. But when the Seventh Circuit issues a ruling, this Court listens— as it must. Defendants' extra-Circuit citations are fruitless.

At last, the Court may conclude its jurisdictional inquiry. Perhaps Defendants will later prevail on their preemption defense under the Convention; but that is an affirmative defense argument, and, under well-settled law, it cannot provide the grounds for federal-question jurisdiction. *See Williams*, 482 U.S. at 393. Thus, Defendants have failed to carry their burden of demonstrating jurisdiction as to those twelve Plaintiffs who do not expressly pursue claims under the Montreal Convention.

## IV. CONCLUSION

For the reasons stated herein, the Court lacks diversity jurisdiction as to each of the moving Plaintiffs' suits and lacks federal-question jurisdiction as to all but two. Accordingly, Defendants' Motion to Remand is granted as to those suits pursued by Plaintiffs Nestor Martinez, Ruby Rodriguez, Manuela Chavez, Carmen Moreno, Karla Moctezuma, Esther Nagle, Rita Nunez, Alberto Herrera, Ramona Herrera, Maria Muniz, Lisette Favela, and Ivon Luna, but the Motion is denied as to those suits pursued by Plaintiffs Oscar Diaz and Dorelia Rivera.

**IT IS SO ORDERED.**

							Harry D. Leinenweber, Judge
							United States District Court

Dated: 12/13/2018